UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA,

               Plaintiff,

               **ORDER**

  - against -

               CV 02-3002 (RJD)(MDG)

ALL FUNDS ON DEPOSIT IN ANY AND ALL
ACCOUNTS, et al.,

               Defendant.

- - - - - - - - - - - - - - - - - - -X

By letter dated February 3, 2009 (ct. doc. 81) and June 9, 2009 (to be docketed), claimant Anthony Elgindy requests: (1) appointment of counsel; (2) that he be allowed to appear by telephone for any future hearings; (3) that property belonging to him and his wife be returned; and (4) information regarding his children's college accounts. In addition, by letter dated January 29, 2009 (ct. doc. 74), Mr. Elgindy, through his appellate counsel, requests a stay of this civil action pending decision by the Second Circuit regarding his petitions for rehearing and the Supreme Court on a petition for writ of certiorari. Ct. doc. ___

For the reasons discussed below, plaintiff's request to appear by phone is granted and all other requests are denied.

**DISCUSSION**

**Appointment of Counsel**

There is no right to counsel in a civil case. <u>Martin-Trigona v. Lavien</u>, 737 F.2d 1254, 1260 (2d Cir. 1984). Although a person accused of a crime is guaranteed counsel under the Constitution, the protections provided by the Sixth Amendment are confined to criminal prosecutions, even if the civil forfeiture of a defendant's property is punitive. <u>See</u> 13 Fed. Proc., L. Ed. §35:771. The Supreme Court has not deemed forfeiture proceedings "criminal" for the purpose of counsel. <u>See</u> <u>United States v. 87 Blackheath Road et al.</u>, 201 F.3d 98 (2d Cir.2000)(citations omitted). Thus Mr. Elgindy is not entitled to appointment of counsel as of right.

However pursuant to 28 U.S.C. §1915(e)(2006), "[t]he court may request an attorney to represent any person unable to afford counsel." Among the factors to be considered in determining whether counsel should be assigned to an indigent civil litigant, the Second Circuit directed that a court must first determine whether the litigant's case is "likely to be of substance." <u>Ferelli v. River Manor Health Care Center</u>, 323 F.3d 196, 204 (2d Cir. 2003)(citing <u>Hodge v. Police Officers</u>, 802 F.2d 58, 61 (2d Cir. 1986)). If the claim asserted meets this threshold requirement, the Court should then consider secondary criteria, "including plaintiff's ability to obtain representation

independently, and his ability to handle the case without assistance in light of the required factual investigation, the complexity of the legal issues, and the need for expertly conducted cross-examination." Cooper v. Sargenti, 877 F.2d 170, 172 (2d Cir. 1989).

In the instant case, claimant cannot satisfy the threshold requirement for appointment of counsel. He has been convicted of securities fraud and is hard put to argue that he has a meritorious claim with respect to the assets seized. In addition, although the Court is mindful of the difficulties faced by the claimant in conducting discovery, he has not demonstrated that he is less able than other pro se litigants to proceed. The claimant has demonstrated a good understanding of the relevant facts in this case, as evidenced by his coherent and lengthy submissions. The court thus finds that the claimant is not in greater need and more deserving of counsel than other pro se litigants in this court.

To the extent Mr. Elgindy requests counsel, information or property on behalf of his wife and/or children, the Court notes that Mrs. Elgindy and her children are represented by counsel who is obligated to litigate on their behalf. In any event, pro se litigants are not permitted to proceed in federal court in a representative capacity on behalf of minors. See Murphy v. Arlington Cent. School Dist. Bd. of Educ., 297 F.3d 195, 201 (2d Cir. 2002)(reiterating rule that non-attorney parent must be

represented by counsel in bringing an action on behalf of her child set forth in Cheung v. Youth Orchestra Foundation of Buffalo, 906 F.2d 59, 61 (2d Cir. 1990)).

**Stay**

Pursuant to 18 U.S.C. § 981(g) a Court may stay a forfeiture proceeding upon motion of a claimant if: "(A) the claimant is the subject of a related criminal investigation or case; (B) the claimant has standing to assert a claim in the civil forfeiture proceeding; and (C) continuation of the forfeiture proceeding will burden the right of the claimant against self-incrimination in the related investigation or case". 18 U.S.C.A. § 981(g) (West 2000 & Supp. 2009). "The terms 'related criminal case' and 'related criminal investigation' mean an actual prosecution or investigation in progress at the time at which the request for the stay . . . is made". Id.

The claimant's related criminal case concluded with a jury trial in the fall of 2005. His appeal to the Second Circuit was denied on December 17, 2008, as was his petition for rehearing en banc, which was denied on February 10, 2009. On May 20, 2009, the claimant filed a petition for a writ of certiorari with the Supreme Court. As the claimant simply seeks appeal of issues already prosecuted, the Fifth Amendment concerns triggering the stay that was originally issued no longer exist and there is no reason now to reinstate the stay.

**Other Requests**

Last, the claimant's request for return of property is precisely the issue being litigated herein and information regarding his childrens' accounts have been the subject of accountings previously ordered by the Court and will be further discussed at the next conference. If he has not previously done so, counsel for the United States is directed to provide Mr. Elgindy with copies of his current accounting and other submissions.

## CONCLUSION

For the reasons discussed, the motions made by or on behalf of claimant Anthony Elgindy are denied, except for his request to appear by telephone. After counsel and Mr. Tyson discuss proposed dates for a conference that the Court will provide, a conference will be set and arrangements made for Mr. Elgindy to participate by telephone.

**SO ORDERED.**

Dated:     Brooklyn, New York
           August 6, 2009

_____/s/_____
MARILYN D. GO
UNITED STATES MAGISTRATE JUDGE